**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| **ALEKSANDAR KNEZEVIC,** ) | |
|     **Plaintiff,** ) | |
| ) | |
| **vs.** ) | CASE NO._____ |
| ) | |
| **HEALTH PLAN ONE, INC., A** ) | |
| **FOREIGN PROFIT CORPORATION,** ) | |
| ) | |
|     **Defendant.** ) | |
| ) | |

**COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

Aleksandar Knezevic, Plaintiff herein, files this Complaint against Health Plan One, Inc., Defendant herein, and alleges:

**PARTIES**

1. Plaintiff Aleksandar Knezevic, an individual, resides in Orange County, Florida.

2. Defendant, Health Plan One, Inc., a Foreign Profit Corporation, has a principal place of business at 35 Nutmeg Drive, Suite 220, Trumbull, Connecticut, doing business within the state at 3210 Lake Emma Road, Suite 3000, Lake Mary, Florida 32746.

**JURISDICTION**

3. The action arises under 42 U.S.C. Section 1983 et. seq., as hereinafter more

fully appears.

4. This Court has supplemental jurisdiction over any state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## NATURE OF ACTION

5. This is an action under Title 42 U.S.C. Section 2000e-2(a) et. seq. as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of national origin.

## CONDITIONS PRECEDENT

6. All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## FACTS

7. Aleksandar Knezevic was hired by Health Plan One, Inc., in August of 2018. He was fired on January 3, 2019 after it was alleged that Mr. Knezevic had violated a company policy. At the time of termination, Plaintiff had exemplary attendance, monthly QA (Quality Assurance) scores and conversion rates.

8. Pursuant to Mr. Knezevic's termination letter, the Defendant alleges he violated a company policy by enrolling an Aetna client on an outbound call, which was violation of company policy.

9. The termination letter further alleged that Mr. Knezevic violated a policy established by Center for Medicare and Medicaid Services (hereinafter referred to as CMS).

10. At no point prior to termination was Knezevic informed of the circumstances surrounding the alleged call, including but not limited to; the date, time, or policy number associated with the call. Mr. Knezevic had no recollection of such call.

11. There was no contact made with Mr. Knezevic by Human Resources regarding any complaints, potential disciplinary action or investigation regarding the alleged call, prior to his termination.

12. Mr. Knezevic successfully obtained his licenses through Aetna for life, annuity and health insurance sales two months prior to employment with Defendant. Mr. Knezevic was advised that his termination came from Aetna.

13. To date, Mr. Knezevic remains in good standing with Aetna and at no point has he been disqualified from selling Aetna products.

14. Mr. Knezevic was supervised under different standards than other more favored employees and was not given adequate training on policies, procedures and rules.

15. Prior to his termination, Mr. Knezevic was advised that he could not use the restroom while accepting calls or take vacation time, while other colleagues were afforded those allowances.

16. At no point prior to termination was Mr. Knezevic offered additional training or even advised that he had performed below the standard required by the Defendant.

17. Mr. Knezevic was terminated while former colleagues with fewer sales and a host of CMS violations have not only been retained but one was promoted to a full-time position. That particular colleague is the son of one of Defendant's recruiters.

18. Another former colleague who had a host of CMS violations, but was friends with the operations manager was granted time off.

19. The same former colleague also had significantly lower sales numbers than Plaintiff and was promoted to a full time position based on the favoritism that plagued Defendant's workplace.

20. Plaintiff has knowledge of more than four other employees whom had similar violations, which occurred more frequently than Plaintiff's and were not terminated.

21. None of the former employees whom were retained and shielded from disciplinary action were of the same national origin of Plaintiff.

22. Plaintiff attempted to address the bias' that were held against him by Defendant's representative, Brandon Rentie, through email correspondence with Defendant's Human Resources personnel, Danielle Adams.

23. Plaintiff attempted to express the actions of Brandon Rentie, whom served in a supervisory capacity, over him.

24. Plaintiff cites other far more egregious work-related discretions by former colleagues, however, Plaintiff was treated disproportionately different from them based on his national origin.

25. Plaintiff's complaints of discriminatory treatment were not seriously investigated and Defendant sought to discredit Plaintiff after his concerns were expressed

until his wrongful termination.

26. Plaintiff has sought treatment from healthcare professionals resulting from the anxiety of the actions by Defendant.

27. As a direct and proximate result of the actions by Defendant, Plaintiff suffered lost benefits, front pay, and pain and suffering.

### **COUNT I - DISCRIMINATION ON BASIS OF NATIONAL ORIGIN**

28. Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint: Paragraphs 1 through 27.

29. Defendant, Health Plan One, Inc., intentionally engaged in unlawful employment practices involving Plaintiff because of his national origin.

30. Defendant, Health Plan One, Inc., discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Plaintiff's national origin in violation of 42 U.S.C. Section 2000e-2(a).

31. Defendant, Health Plan One, Inc., classified Plaintiff in a manner that deprived him of an equal employment opportunity that was provided to employees similarly situated in violation of 42 U.S.C. Section 2000e-2(a).

33. Plaintiff alleges that Health Plan One, Inc., instituted a campaign of retaliation which included increased disciplinary actions that could be used against him for termination. This retaliation was and is due to Plaintiff exercising Plaintiff's rights by opposing a discriminatory practice. Plaintiff suffered damages for which Plaintiff herein

sues.

35.     Defendant terminated Plaintiff in bad faith after Plaintiff voiced concerns regarding disparate treatment. Defendant treated Plaintiff as an outcast and Plaintiff has sought counseling as a result of the wrongful termination and conditions.

## DEMAND FOR ATTORNEY'S FEES

Plaintiff has employed Rasheed Karim Allen for representation in this action, and has agreed to pay a reasonable attorney fee to Rasheed Karim Allen.

Plaintiff is entitled to recover reasonable attorney's fees incurred in connection with this action pursuant to, inter alia, Section 760.11 of the Florida Statutes and Section 706(k) of Title VII of the Civil Rights Act of 1964.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial of this action by jury.

## DEMAND FOR JUDGMENT

**WHEREFORE**, Plaintiff demands a jury trial of this action, and further demands judgment against Defendant for general damages, attorney's fees, and for such other and further relief, in law or in equity, to which Plaintiff may be justly entitled.

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2019, a copy of the foregoing document was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing and hand delivered to the persons listed below.

Health Plan One, Inc.
35 NUTMEG DRIVE, SUITE 220
Trumbull, Connecticut  06611

Respectfully submitted,

ALLEN & DAWSON, PLLC.
189 S. Orange Avenue, Suite 1530-B
Orlando, Florida  32801
Telephone: (407) 986-2092
E-Mail: rasheed@allen-dawson.com

/s/ Rasheed Karim Allen
Rasheed Karim Allen
Attorney for Plaintiff
Florida Bar Number: 88525